FILED
 2010 Jan-26  PM 03:31
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| WILLIAM B. HARBISON,           ) | |
| )| |
| Claimant,           ) | |
| )| |
| vs.           ) | Case No. CV-08-S-2294-NE |
| )| |
| MICHAEL J. ASTRUE,           ) | |
| Commissioner, Social Security           ) | |
| Administration,           ) | |
| )| |
| Defendant.           ) | |

**MEMORANDUM OPINION AND ORDER**

Claimant, William Harbison, commenced this action on December 9, 2008, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying claimant's claim for a period of disability and disability insurance benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant argues that the ALJ erred in finding that he received an overpayment of disability insurance benefits in the amount of $22,909.00 from the time period between April 1999 and December 2001, and that claimant was not entitled to a waiver of recovery of the overpaid amount. Upon review of the record, the court concludes that these contentions are without merit.

"Whenever the Commissioner of Social Security finds that more or less than the correct amount of payment has been made to any person under this subchapter, proper adjustment or recovery shall be made, under regulations prescribed by the Commissioner of Social Security." 42 U.S.C. § 404(a)(1). Even if an individual has received more than the correct amount, however, that individual will not be required to repay the overage under the following circumstances:

> In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience. In making for purposes of this subsection any determination of whether any individual is without fault, the Commissioner of Social Security shall specifically take into account any physical, mental, educational, or linguistic limitation such individual may have (including any lack of facility with the English language).

42 U.S.C. § 404(b).

Social Security regulations provide guidance for determining when an

individual is "without fault," and when requiring repayment would defeat the purpose of the Social Security Act or "be against equity and good conscience."

> In determining whether an individual is without fault, the Social Security Administration will consider all pertinent circumstances, including the individual's age and intelligence, and any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) the individual has. What constitutes fault . . . on the part of the overpaid individual . . . depends upon whether the facts show that the incorrect payment to the individual or to a provider of services or other person, or an incorrect payment made under section 1814(e) of the Act, resulted from:
>
> (a)  An incorrect statement made by the individual which he knew or should have known to be incorrect; or
>
> (b)  Failure to furnish information which he knew or should have known to be material; or
>
> (c)  With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

20 C.F.R. § 404.507.  Recovery of an overpayment defeats the purpose of the Social Security Act if it would "deprive a person of income required for ordinary and necessary living expenses."  20 C.F.R. § 404.508(a).  Recovery of an overpayment is "against equity and good conscience" if an individual "[c]hanged his or her position for the worse . . . or relinquished a valuable right . . . because of reliance upon a notice that a payment would be made or because of the overpayment itself . . . ."  20 C.F.R. § 404.509(a)(1).

The ALJ reviewing claimant's case entered the following findings:

> The evidence of record reveals the claimant returned to work in February of 1998 after he was granted benefits. However, the evidence reveals the claimant reported his earnings were below the level of presumed substantial gainful activity, or $500.00 . . . . The claimant filed a form SSA-3945 on March 2, 1999 reporting that his earnings were less than $500.00 monthly, and thus not SGA [substantial gainful activity] . . . . However, the claimant's employer has reported the claimant was earning monthly wages above the level of presumed substantial gainful activity as of December of 1999, or the first month following the end of his trial work period . . . . Based upon the evidence, the undersigned finds the claimant's trial work period was from March of 1998 through November of 1998. The claimant's disability was due to cease as of the first month he earned monthly wages at or above the level of presumed substantial gainful activity at the end of his trial work period, or December of 1998. Pursuant to the Regulations, his monthly benefits were to cease at the end of the second month after his disability ceased, or with his March 1999 payment. Any monies the claimant received after March of 1999 would result in an overpayment. Thus, the record clearly establishes the claimant received overpaid benefits in the amount of $22,909.00 for the period of time beginning in April of 1999 until benefits were terminated at the end of 2001. Likewise, the record establishes the claimant paid one $50.00 payment toward this indebtedness in 2004, resulting in a total balance due of $22,859.00.
>
> At the hearing the claimant testified [that] he was aware he was allowed to make so much money per month and continue to receive monthly benefits. Although the claimant contends he thought he was still eligible for benefits, based upon the letters he received from the Agency, the records in evidence clearly establish the claimant was not entitled to receive continuing benefits as of December 1999 due to earnings above the SGA level. This information was not reflected in the forms the claimant submitted to the Administration, as the undersigned assumes the claimant merely reported his net earnings and not his gross earnings. However, once the Administration received the correct reported earnings forms from the claimant's employer, the record clearly

4

indicates the claimant was no longer eligible to continue to receive benefits. The record further establishes the claimant was notified repeatedly of his reporting responsibilities . . . and the requirements that his statements should be true, correct, and complete to the best of his knowledge. Because of the incorrect and/or incomplete reported earnings to the Administration . . . , the undersigned finds the claimant was not "without fault" in creating or causing the overpayment. Since the claimant is not "without fault" in creating and/or causing the overpayment, waiver of the overpayment amount is not a consideration.

Accordingly, the undersigned finds the claimant received an overpayment of disability insurance benefits for the period of time beginning in April of 1999 through December of 2001 in the amount of $22,909.00. The undersigned further finds the claimant is not entitled to waiver of recovery of the overpayment amount. The Administration is recommended to recovery [sic] the amount of the overpayment in the amount of $50.00 monthly.[1]

The ALJ's factual findings are supported by substantial evidence of record, and his conclusions are in accordance with applicable law. Claimant suggests that the Commissioner's decision is wrong because the ALJ did not find any evidence that he intentionally misrepresented or withheld information with regard to his earnings.[2] That suggestion is true, but nonetheless immaterial. A claimant need not intentionally or maliciously mislead the Commissioner with regard to his earnings in order to be "at fault." Instead, all that is required is a finding that the claimant provided information he knew *or should have known* was incorrect, or withheld information that he knew *or should have known* was material. The ALJ found that claimant knew

---

[1] Tr. at 17.

[2] *See* doc. no. 8 (claimant's brief), at 5.

5

of his obligation to report his entire earnings but did not do so. That finding was supported by substantial evidence. Claimant also argues that the Commissioner confused him by sending him a notice in April of 2002[3] that his disability was continuing, and another notice in July of 2002 that his disability had ceased as of the end of 1998.[4] Claimant does not explain, however, how these notices absolved him of his obligation to inform the Commissioner of his total earnings through the end of 2001, which is the time period at issue in this case. Finally, claimant argues that a cessation of his disability payments would substantially defeat the purposes of the Social Security Act because the "evidence shows that his monthly living expenses were greater than his income."[5] Claimant does not cite to any record evidence to support that assertion, and he does not explain how complying with the ALJ's recommendation that claimant repay the overage in $50-per-month increments would prevent him from meeting his monthly living expenses. Furthermore, even if claimant could establish that repaying the overpaid amounts would deprive him of his ability to meet his monthly expenses, claimant still would not be entitled to a waiver because he has not demonstrated that he is without fault. *See* 42 U.S.C. § 404(b) (requiring that, in order to receive a waiver, a claimant must demonstrate *both* the

---

[3]Tr. at 95-98.
[4]Tr. at 101.
[5]Claimant's brief, at 5.

absence of fault *and* that the repayment would defeat the purpose of the statute or would be against equity and good conscience).

Consistent with the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 26th day of January, 2010.

*/s/ Lynwood Smith*
United States District Judge